UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EL CAMINO HOSPITAL, a California Non-Profit Public Benefit Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANTHEM BLUE CROSS OF CALIFORNIA, a California Corporation,<br><br>　　　　　Defendant. | Case No.: 5:14-CV-00662-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re: Docket No. 17] |

Presently before the court is Plaintiff El Camino Hospital's ("El Camino") Motion to Remand. Docket Item No. 17. El Camino asserts that the case should be remanded to the Santa Clara County Superior Court for lack of federal-question jurisdiction. The court found this matter appropriate for decision without oral argument and previously vacated the hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the parties' submissions, and for the reasons discussed below, the court GRANTS El Camino's motion.

**I.　Background**

On December 1, 2004, El Camino entered into a Comprehensive Contracting Hospital Agreement ("Agreement") with Defendant Anthem Blue Cross of California ("Blue Cross"). Second Am. Compl. ("SAC") ¶ 8, Docket Item No. 6-4; Agreement, Docket Item No. 15-4 Ex. A.

1

Case No.: 5:14-cv-00662-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1  The Agreement specified that when Blue Cross served as an individual's primary insurance
2  provider, ███████████████████████████████████████████████████████████████
3  ███████████████████████████████████████████████████████████████████████
4  ████████████ SAC ¶¶ 12-13, Dkt. No. 6-4; Agreement ¶¶ 6.4-6.5, Dkt. No. 15-4 Ex. A. ██
5  ███████████████████████████████████████████████████████████████████████
6  ███████████ See Agreement Ex. B, Docket Item No. 15-4 Ex. A.

7  In addition to setting forth Blue Cross's obligations as a primary insurance provider, the
8  Agreement also specified the manner in which Blue Cross should reimburse El Camino when Blue
9  Cross's coverage came secondary to other coverage, such as Medicare. In such situations, ██
10 ███████████████████████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████████████
13 ████████████████ See SAC ¶¶ 12-14, Dkt. No. 6-4; Agreement ¶ 6.6, Dkt. No. 15-4 Ex. A. El
14 Camino alleges that in practice when Blue Cross is secondary to Medicare, it interprets this section
15 of the Agreement, which is known as the Coordination of Benefits provision ("COB"), as both
16 precluding it from paying the insured's deductible and copayment amounts and prohibiting El
17 Camino from requiring the insured to pay these amounts.  See SAC ¶¶ 15-17, Dkt. No. 6-4.

18 On January 13, 2014, El Camino filed this lawsuit against Blue Cross in Santa Clara
19 County Superior Court alleging that Blue Cross's interpretation of and performance under the
20 Agreement amount to unfair, unlawful and/or fraudulent business practices and are contrary to
21 public policy because they violate the federal Medicare Anti-Kickback statute, 42 U.S.C. §§
22 1320a-7b(b), and its related regulations and advisory opinions. Not. of Removal ("Removal"),
23 Docket Item No. 1; Def. Opp'n ("Opp'n") at 2, Docket Item No. 22. El Camino seeks both a
24 declaratory judgment that Blue Cross's interpretation of the Agreement is illegal and against public
25 policy and an injunction prohibiting Blue Cross from refusing to pay copayments and coinsurance
26 for claims in which it is secondary to Medicare. SAC ¶¶ 1-3, 34-39, Dkt. No 6-4. On February 12,
27 2014, Blue Cross removed the action to this court on the basis of federal-question jurisdiction.

2

Case No.: 5:14-cv-00662-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Removal, Dkt. No. 1; 28 U.S.C. § 1331. Blue Cross argues that El Camino's complaint is solely based on the Medicare Anti-Kickback statute and related regulations and advisory opinions, and that as such, resolution of this action requires an in-depth analysis of federal law. See Removal at 1-2, Dkt. No. 1; SAC ¶¶ 18-19, Dkt. No. 6-4. On February 27, 2014, El Camino filed the instant Motion to Remand contending that the federal aspect of its state-law claims does not render this case susceptible to federal-question jurisdiction. Dkt. No. 17. The court now turns to the substance of that motion.

## II. Legal Standard

A defendant may remove a civil action filed in state court to a federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). The federal removal statute provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

## III. Discussion

A federal district court has jurisdiction over cases involving federal questions, i.e., "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. As a general rule, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). In addition to finding jurisdiction when a federal claim is explicitly stated in a complaint, the Supreme Court has identified a class of state law claims that, though appearing to be based on state law, "nevertheless turn on substantial questions of federal

law, and thus justify resort to the experience, solicitude, and uniformity that a federal forum offers on federal issues…." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). The Court has made clear that such claims constitute a narrow exception—indeed a "special and small category"—to the rule that only causes of action created by federal law "arise" under federal law for purposes of federal-question jurisdiction. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006).

El Camino bases its causes of action for declaratory judgment and for violations under the unfair, unlawful, and fraudulent prongs of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., on its allegation that Blue Cross's interpretation of and performance under the Agreement runs afoul of the Medicare Anti-Kickback statute and related regulations. SAC ¶¶ 32, 34, Dkt. No. 6-4. Though El Camino's state law claims explicitly invoke this federal law, no federal claim actually appears on the face of the complaint because, as the parties agree, the Medicare Anti-Kickback statute, which is a criminal statute, does not provide for a private cause of action. See 42 U.S.C. §§ 1320a-7b(b); 42 C.F.R. § 1003.102(b)(13); 42 C.F.R. §§ 1001.952(k)(1)-(2); United States v. Summit Healthcare Ass'n, Inc., No. 10-CV-8003-PCT, 2011 WL 814898, at *5 (D. Ariz. Mar. 3, 2011) (recognizing that the Medicare Anti-Kickback statute does not grant a private right of action); Donovan v. Rothman, 106 F. Supp. 2d 513, 516, (S.D.N.Y. 2000) (same); but see Alexander v. Medtronic, Inc., No. 12-CV-4104-NKL, 2012 WL 2049827 (W. D. Mo. June 6, 2012) (finding that a pro-se petitioner's apparent claims under the Medicare Anti-Kickback statute and the federal False Claims Act constituted federal causes of action appearing on the face of the petition). As such, federal-question jurisdiction does not automatically lie in this case. Caterpillar, 482 U.S. at 392.

Though El Camino does not overtly plead any federal claim, Blue Cross contends that this case nevertheless falls into the "special and small category" of cases identified by the Grable Court because it arises under federal law by virtue of El Camino's reliance on the federal statute and related regulations. To warrant inclusion in that category, a state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of federal and state judicial responsibility." Grable, 545 U.S. at 314. Thus, under Grable, a federal court may exercise jurisdiction over a state law claim only if the following elements are satisfied: "(1) the action necessarily raises a federal issue that is (2) disputed and (3) substantial, and if (4) a federal court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities." People v. Monster Bev. Corp., No. 13-CV-2500-PJH, 2013 WL 5273000, at *1 (N.D. Cal. Sept. 18, 2013); see also Quildon v. Intuit, Inc., No. 12-CV-00850-EJD, 2012 WL 1902021, at *4 (N.D. Cal. May 25, 2012). Typically, cases satisfying Grable will be those which present "a nearly pure issue of law…that could thereafter govern numerous…cases." Empire, 547 U.S. at 700 (internal quotation marks and citation omitted).

Here, Blue Cross's arguments fail at the first step. To warrant federal-question jurisdiction, a state law claim must "necessarily raise" a federal issue; i.e. the state law claim must actually turn on construction of the federal law. See Grable, 545 U.S. at 314-15 (finding federal-question jurisdiction over a state law quiet title claim in part because "[w]hether Grable was given notice within the meaning of the federal statute is…an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute"); Wells Fargo Bank, NA v. Cabazon Band of Mission Indians, No. 12-CV-01278-VAP, 2012 WL 4718879, at *3 (C.D. Cal. Oct. 3, 2012). Blue Cross argues that El Camino's claims reference and depend on the Medicare Anti-Kickback statute and related regulations. Opp'n at 6, Dkt. No. 22 . While this assertion is correct, it is not necessarily of any import: the fact that these federal laws underpin El Camino's claims does not automatically mean that the claims turn on the court's interpretation of them. Unlike in Grable, Blue Cross has not pointed to any dispute as to the meaning of the Medicare Anti-Kickback statute or the related regulations, nor can the court ascertain a particular portion of the law that must be parsed in order to resolve this case. In truth, El Camino's claims depend not on the court's construction of the relevant federal laws, but of the parties' contract in light of and informed by those laws. Having failed to point to a dispute over federal law itself, Blue Cross has not met its burden of showing that El Camino's claims "necessarily raise" a federal issue as contemplated by

5
Case No.: 5:14-cv-00662-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Grable. See K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1032 (9th Cir. 2011) (declining to exercise federal-question jurisdiction over state law claims concerning a contract subject to heavy federal regulation when the plaintiff's claims did not implicate any issue with the regulation itself); Pub. Sch. Teachers' Pension & Retirement Fund of Chi. v. Guthart, et al., No. 14-CV-1384-EJD, 2014 WL 2891563, at *3 (finding under the "necessarily raise[d]" prong that "it is not enough that federal law is infused throughout the [c]omplaint" and that "something more compelling must be percolating beneath the state-law surface for Grable to apply").

The lack of a "necessarily raise[d]" federal issue is dispositive of the instant matter. However, had the court chosen to proceed to the additional elements of the Grable analysis, the same reasoning detailed above would compel the court to find that the parties do not actually dispute a federal issue and that any issue raised is not a substantial one. Moreover, even if Blue Cross had identified a particular issue of federal law related to El Camino's claims, the court would nevertheless be bound to remand this case. Resolution of El Camino's claims will require a fact-intensive inquiry into the parties' performance of the Agreement, rendering any interpretation the court might make as to the contract's acceptability in light of the relevant federal laws unlikely to find application beyond these particular parties in these particular circumstances. The Supreme Court has cautioned against sweeping these "fact-bound and situation-specific" cases into federal court under the Grable exception, and the court declines to do so here. See Empire, 547 U.S. at 701.

**IV. Conclusion**

For the foregoing reasons, the court GRANTS El Camino's Motion to Remand. The clerk shall remand this case to Santa Clara County Superior Court and CLOSE this file.

**IT IS SO ORDERED**

Dated: August 14, 2014

EDWARD J. DAVILA
United States District Judge